UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Karpuzov et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-CV-50237-DRH-SCW

*Tanguay v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-CV-50530-DRH-SCW

## ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

This matter is before the Court on Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") Motion to Show Cause why the above captioned cases should not be dismissed with prejudice for failure to comply with Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519). The plaintiffs have responded. For the reasons described herein, the motion is **DENIED. FURTHER,** the matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## II.     BACKGROUND

**A. CMO 78**

On May 29, 2014, the Court entered CMO 78. The provisions in CMO 78 are the result of an extensive mediation between the Pradaxa MDL Plaintiffs' Leadership Counsel and the Boehringer Defendants. The negotiations, supervised by the Special Master and this Court, were vigorous, at arm's length, and in good faith.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program (by opt-in deadline of July 9, 2014), as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the subject plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

**B. CMO 7**

Case Management Order Number 7 ("CMO 7") is a direct filing order adopted by the Court on October 3, 2012. CMO 7 allows a plaintiff (who would be subject to transfer) to file his or her case directly in these MDL proceedings. CMO 7 was entered to "eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency" (MDL 2385 Doc. 43 p. 1). Specifically, CMO 7 provides that "any

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties"; (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

plaintiff whose case would be subject to transfer to MDL 2385 may file his or her case directly in the MDL Proceedings" and the order limits direct filing to plaintiffs who reside "*in a federal district* other than the Southern District of Illinois" (emphasis added) (MDL 2385 Doc. 43 p. 2). Thus, pursuant to the terms of CMO 7, foreign residents (*i.e.* individuals who are not residents of any federal district) are not permitted to directly file actions in MDL 2385.[2]

### III.  The Parties' Contentions

The above captioned cases were filed directly into MDL 2385 (in accord with CMO 7) on April 23, 2013 (No. 3:13-cv-50237) and May 17, 2013 (No. 13-cv-50530). As an action filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, defendants contend, the above captioned plaintiffs were required to opt-in to the master settlement, request an extension for more time to opt-in, or abide by the requirements of CMO 78. Defendants argue that because the plaintiffs did not seek an extension or opt-in to the settlement by July 9, 2014 they became subject to the requirements of CMO 78. Accordingly, defendants contend, the plaintiffs' claims are subject to with prejudice dismissal for failure to comply with CMO 78.

Plaintiffs respond, stating that at all times material they were residents of Edmonton, Alberta, Canada. According to plaintiffs, subsequent to the filing of the above captioned cases, there were numerous communications between plaintiffs' counsel and counsel for the defendant as well as Plaintiffs' MDL Leadership

---

[2] *See also* defendants' October 16, 2013 letter to plaintiffs' counsel stating the same.

regarding the fact that the plaintiffs were residents and citizens of Canada. Plaintiffs state that in late 2013 and early 2014, they were notified by the defendants as well as the plaintiffs' MDL leadership that the plaintiffs would not be permitted to continue to prosecute their claims in the MDL.[3] At that time, plaintiffs' counsel undertook efforts to assist the plaintiffs in locating counsel in Canada to continue with the prosecution of their claims in a Canadian court.

In June 2014, after the global settlement was announced, plaintiffs' counsel contacted Mark Niemeyer regarding the plaintiffs' claims. Plaintiffs' counsel was informed that the Canadian plaintiffs' claims were not covered by the settlement agreement and that no exception could be made for the plaintiffs. Accordingly, although plaintiffs' counsel was aware of CMO 78, counsel did not believe that the order would apply to the Canadian plaintiffs and did not promptly seek relief therefrom. Plaintiffs' counsel admits that counsel erred in failing to seek immediate relief from CMO 78 or to otherwise request a voluntary dismissal of the above captioned cases. Plaintiffs' counsel asks that the above captioned cases be dismissed without prejudice, allowing the plaintiffs to pursue their claims in a Canadian court.

The defendants have replied arguing that the terms of CMO 78 must be strictly followed. The defendants further argue that anything less than strict

---

[3] The defendants state that in October 2013, letters were sent to plaintiffs' counsel regarding the plaintiffs' Canadian citizenship and unsuitability for participation in this MDL. Thereafter, between October 2013 and May 2014, defense counsel contacted plaintiffs' counsel on numerous occasions seeking an update regarding the status of the case. Initially, plaintiffs' counsel failed to respond. Eventually, plaintiffs' counsel responded indicating that counsel was close to resolving the matter and that once plaintiffs obtained Canadian counsel the matter would be resolved.

compliance negatively impacts the effective management of the settlement process in this MDL.

### IV. ANALYSIS

The defendants contend that the terms of CMO 78 require strict compliance. The Court agrees and in the past has required strict compliance with the terms of CMO 78. The problem with the defendants' argument, in this instance, is that it is clear the plaintiffs were never properly a part of this MDL and that the settlement agreement did not involve the plaintiffs. It is also evident that both parties, including the negotiating teams for both parties, were aware that the plaintiffs did not belong in this litigation.

Although plaintiffs' counsel cannot be commended in any way for her failure to act more promptly in voluntarily dismissing this case, her less than diligent actions have not prejudiced the defendants nor the participants in the settlement agreement. As the Court has stated in the past, the Court's role with regard to the settlement agreement and orders related thereto is to enforce the agreements as written. However, in the instant case, the agreement never applied to the plaintiffs. Accordingly, the Court is **DENYING** the defendants' motions, filed in accord with CMO 78.

Given that the above captioned plaintiffs are not residents of any federal district, direct filing was not permitted pursuant to the terms of CMO 7.

Therefore, the action must be dismissed, without prejudice, for lack of subject matter jurisdiction.

## V.    CONCLUSION

The defendants' Motion to Show Cause why the above captioned cases should not be dismissed with prejudice for failure to comply with CMO 78 is **DENIED**, as the settlement agreement did not include the above captioned plaintiffs.

**FURTHER**, given that the above captioned plaintiffs are not residents of any federal district, direct filing was not permitted pursuant to the terms of CMO 7. Therefore, the action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 15th day of December, 2014.

Digitally signed by
David R. Herndon
Date: 2014.12.15
13:25:58 -06'00'

**District Judge**
**United States District Court**